**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4104-15T2

JESSE ROSENBLUM,

    Plaintiff-Appellant,

v.

BOROUGH OF CLOSTER, JOSEPH
MIELE and GLORIA MIELE,

    Defendants-Respondents.

_____

          Argued January 22, 2018 — Decided July 11, 2018

          Before Judges Whipple and Rose.

          On appeal from the Tax Court of New Jersey,
          Docket Nos. 15202-2014 and 10168-2015.

          Jesse Rosenblum, appellant, argued the
          cause pro se.

          Edward T. Rogan argued the cause for respondent
          Borough of Closter (Edward Rogan & Associates,
          LLC, attorneys; JoAnn Riccardi Schuman, on the
          brief).

          Kathryn A. Gilbert argued the cause for
          respondents Joseph Miele and Gloria Miele.

PER CURIAM

Plaintiff Jesse Rosenblum appeals from April 15, and April 22, 2016 judgments of the Tax Court dismissing his third-party challenge to a neighboring property owner's 2014 and 2015 farmland tax assessments in the Borough of Closter. We affirm.

Joseph and Gloria Miele (collectively the Mieles) purchased approximately 9.9 acres of land in the Borough of Closter (the Borough) in 1983. The Mieles utilize 5.57 acres of the property as a pasture for their llamas, allowing the animals to roam freely. The property also has a stream running through it and contains many trees. The trees provide the animals with shade, cover, and leaves for food.

Since 1991, plaintiff has filed numerous complaints against the Mieles, including a tax appeal on their property every year for twenty-four years. In 1999, the Tax Court sustained the Mieles' farmland tax assessment for the 1997 and 1998 tax years. Rosenblum v. Borough of Closter, A-1329-04 (App. Div. Jan. 17), certif. denied, 186 N.J. 365 (2006). Challenges to the 1999, 2000, 2001, and 2002 tax years were rejected on motions for summary judgment. Ibid. We affirmed on appeal. Ibid.

During the years at issue here - the 2014 and 2015 tax years - the Borough's tax assessor reviewed the Mieles' application for a farmland tax assessment and approved it.

2                                                    A-4104-15T2

On October 23, 2014, plaintiff filed a third-party taxpayer complaint against the Mieles and the Borough, contesting the Mieles' 2014 farmland tax assessment. We distilled from plaintiff's complaint that his argument is that the Mieles' property cannot be assessed as a farmland pasture because it is heavily wooded. Plaintiff did not offer at trial nor does he offer now any legitimate support for this argument.

Commencing in November 2014, both sides filed several dispositive motions. In or around June 2015, plaintiff filed another complaint in the Tax Court, this time contesting the Mieles' 2015 farmland tax assessment. The Honorable Joseph M. Andresini, J.T.C., consolidated the cases for both tax years. He also bifurcated the proceedings so plaintiff would first have to overcome the presumption of validity that attaches to a tax assessment before moving onto the second portion of trial in which the Mieles had the burden of proving the farmland assessment was proper.

Following discovery, trial was held on August 3, August 4, and October 15, 2015. At the close of plaintiff's case, defendants moved for involuntary dismissal, pursuant to Rule 4:37-2(b), and Judge Andresini requested the parties submit briefs in support or in opposition to this motion.

A-4104-15T2

On March 11, 2016, Judge Andresini granted defendants' motion, delivering the following reasons from the bench:

> When determining whether a party has overcome the presumption the court should analyze the evidence as if a motion for [judgment] at the close of all the evidence has been presented pursuant to [Rule] 4:40-1 whether or not the defendant or plaintiff actually so moves. Employing the evidentiary standards applicable to such a motion the court must accept, . . . and I do, as true the proofs of the party challenging the assessment and according the party, and I underscore this, all legitimate favorable inferences from that evidence. And that's legitimate favorable inferences. You don't get all of the inferences. They must be legitimate. You must present something to the court. We get that from [Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 530-35 (1995)].
>
> In this case, the plaintiff, Mr. Rosenblum, must overcome the presumption of validity by establishing competent and cogent evidence that a debatable question exists regarding defendant's farmland assessment.
>
> A property qualifies for farmland assessment if the following four criteria are met: 1) the land is actively devoted to agricultural/horticultural use for at least two years prior to the tax year in question, N.J.S.A. 54:4-23.7 and N.J.S.A. 54:4-23.5; 2) the alleged farmland is not less than five acres, N.J.S.A. 54:4-23.6; 3) the average gross sales of the agricultural/horticultural products or services over the course of the two-year period immediately preceding the tax year at issue must be at least $500, in this case for tax year 2014, and $1,000 for tax year 2015 as there was an amendment to the statute going forward effective 2015; and 4) the applicant has submitted on or before

August 1st of the year immediately [preceding] the tax year in question.

Agricultural use of a property means that "a taxpayer must demonstrate an ongoing animal husbandry operation which demands that such animals must remain on or feed off the land for a sustained reasonable period of time. Their presence must amount to being . . . produce of the land." We get that from [Gottdiener v. Roxbury Twp., 2 N.J. Tax 206, 218 (1981)].

The testimony in evidence presented by Mr. Rosenblum, plaintiff in this matter, does not provide competent or cogent evidence that may raise the debatable question in this case. To the contrary, the evidence and testimony actually serves to prove that the four previously outlined farmland assessment criteria were met in this case.

Defendant filed — timely filed a farmland assessment application. The area claimed as farmland exceeds five acres. The 5.57 acres are used for and have been used for the benefit of defendants' animals as pastures for approximately 20 years.

Additionally, defendant consistently produces over $1000 of gross income from the sale of their animals during the years under scrutiny.

The judge concluded plaintiff was not credible as a witness and had not presented competent evidence. The judge then dismissed plaintiff's complaints, and issued orders to that effect. This appeal followed.

While plaintiff presents fourteen arguments on appeal, the essential issue we consider is narrowly constrained to whether the

trial court erred in granting defendants' motion for involuntary dismissal under Rule 4:37-2(b). We affirm substantially for the reasons expressed by the Tax Court judge in his thorough decision issued from the bench granting defendants' motion for involuntary dismissal. We add the following comments.

A motion for an involuntary dismissal is premised on "the ground that upon the facts and upon the law the plaintiff has shown no right to relief." R. 4:37-2(b). The motion "shall be denied if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor." Ibid. In other words, "if, accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the motion must be denied." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Estate of Roach v. TRW, Inc., 164 N.J. 598, 612 (2000)). This court applies the same standard when reviewing a trial court's Rule 4:37-2(b) determination. Ibid. (citing Fox v. Millman, 210 N.J. 401, 428 (2012)).

The Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 to -23.23, provides preferential tax treatment to land devoted to agricultural or horticultural use. Certain criteria must be met to qualify. First, the land must be actively devoted to

agricultural or horticultural use. N.J.S.A. 54:4-23.2. Additionally, "the land shall be considered actively devoted to agricultural or horticultural use only if a minimum level of gross sales, prescribed by statute, has been, or by clear evidence will be, achieved." Hovbilt, Inc. v. Twp. of Howell, 138 N.J. 598, 620 (1994) (citing N.J.S.A. 54:4-23.5). It must also have been devoted to agricultural or horticultural use for at least two years immediately preceding the tax year. N.J.S.A. 54:4-23.6(a). Lastly, the land must exceed five acres. N.J.S.A. 54:4-23.6(b).

The property owner bears the burden to establish his or her land qualifies for a farmland tax assessment. Hovbilt, 138 N.J. at 620. Thereafter, a tax assessor's determination is entitled to "a presumption of validity"; this presumption also attaches to the county board's decision when it is challenged before the Tax Court. Byram Twp. v. W. World, 111 N.J. 222, 235 (1988).

"Based on this presumption, the appealing taxpayer has the burden of proving that the assessment is erroneous." Pantasote Co. v. Passaic, 100 N.J. 408, 413 (1985) (citing Riverview Gardens, Section One, Inc. v. N. Arlington, 9 N.J. 167, 174 (1952)). A third-party taxpayer must present evidence that is "definite, positive, and certain in quality and quantity to overcome the presumption." Aetna Life Ins. Co. v. City of Newark, 10 N.J. 99, 105 (1952) (citation omitted).

A-4104-15T2

Applying these standards, we conclude plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Even though the judge gave plaintiff every reasonable inference and every opportunity to present admissible evidence relevant to the tax years at issue, plaintiff did not do so.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4104-15T2